UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
REUBEN TREASURE,

              Plaintiff,

  - against -

UNITED STATES OF AMERICA,

              Defendant.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-971 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Reuben Treasure, proceeding *pro se*, brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, for injuries he sustained while working as an inmate at the Metropolitan Detention Center in Brooklyn ("MDC"), and for two unrelated medical issues that arose while he was in custody and the subsequent treatment he received. (Am. Compl. (Doc. No. 15).) Before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Def. Mot. (Doc. No. 31).) For the reasons set forth below, defendant's motion is granted. Accordingly, Treasure's motion for a stay (Mot. for Stay (Doc. No. 32)) is denied as moot.

## BACKGROUND

      The following allegations are taken from the amended complaint and are assumed to be true for the purposes of this Order.

      On March 5, 2015, while Treasure was on food service work detail at the MDC, he slipped on a concrete floor due to the presence of water, grease, and waste; slammed his head; and sustained injuries to his head, neck, and wrist. (Am. Compl. ¶¶ 2–6.) He was subsequently seen by various health professionals for these injuries on a number of occasions (*id.* ¶¶ 18–19, 22, 25–27), but Treasure alleges that the treatment he received was inadequate, in that he was

often seen by nurses rather than a "qualified physician" (*id.* ¶ 24), and insufficient tests were ordered for the severity of his injuries (*id.* ¶ 43).

Treasure "purs[u]ed various internal administrative remedies," including filing forms BP-8 through BP-11. (*Id.* ¶ 28.) The BP-11 form was denied on May 13, 2016. (BP-11 Resp., Exs. to Compl. (Doc. No. 1) at 39.)[1] Treasure was instructed by letter from the Department of Justice that he needed to obtain an Inmate Accident Compensation System form, or SF-95 form, from his Safety Supervisor. (Am. Compl. ¶ 28) Treasure attempted to obtain this form from the Safety Supervisor on numerous occasions, but the Safety Supervisor refused to provide him with the form. (*Id.*)

Separately, Treasure complains of a fungal infection he contracted from working in standing water, but he does not allege when this occurred, and he does not allege whether he took any administrative remedies with respect to this harm. (*Id.* ¶ 33.)

Under "Count Two – Additional Claims,"[2] Treasure complains of two other medical issues unrelated to work. First, he has suffered from an enlarged testicle after being prescribed a medication on or about February 2, 2016. (*Id.* ¶ 46.) He was sent to Brooklyn Medical Hospital, where he was diagnosed with hydrocele and a hernia. (*Id.*) These conditions have not been treated or repaired. (*Id.*) On June 27, 2017, Treasure saw a doctor who recommended surgery on his testicle, but he did not receive it as he was released from custody the next day. (*Id.*) Second, on or about June 29, 2016, Treasure was attending a class at the MDC when sewage water from an overhead pipe started to drip onto his neck. (*Id.* ¶ 47.) He developed a fungal

---

[1] The Court may consider exhibits attached to Treasure's original complaint in light of his *pro se* status, notwithstanding the intervening amended pleading. *See Vega v. Duffy*, No. 14-CV-8104 (VSB), 2017 WL 4180020, at *5 (S.D.N.Y. Sept. 20, 2017) (citations omitted).

[2] The bulk of Treasure's complaint focuses on the slip-and-fall injuries and is styled as "Count I – Federal Tort Claims Act." (Am. Compl. at 7.)

2

infection there that constantly itches. (*Id.*) He was initially advised to apply ice to his fungal infection. (*Id.* ¶¶ 46, 49.) Treasure was eventually prescribed antibiotics, fungal cream, and a steroid ointment. (*Id.* ¶ 52.)

For these two injuries, Treasure similarly alleges that the medical treatment he received was inadequate. (*Id.* ¶¶ 46, 48–52.) The complaint is silent as to whether he pursued administrative remedies relating to these issues, though in his opposition papers, he states that he "did in fact begin to exhaust his administrative remedies for these incidents. Plaintiff started to seek remedy by filing a BP-8 form. Plaintiff never received a formal response to this grievance. After plaintiff began receiving treatment, he could not continue to file any grievances." (Pl.'s Mem. (Doc. No. 30) at 4.)

Treasure seeks a declaration that his constitutional rights were violated and compensatory damages under the FTCA. (Am. Compl. ¶¶ 58–60.)

## STANDARD OF REVIEW

Rule 12(b)(1) allows a defendant to bring a motion to dismiss for "lack of subject-matter jurisdiction." "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In determining whether a court has subject matter jurisdiction, "the court may consider relevant documents that are extrinsic to the complaint." *N.Y.S. Catholic Health Plan, Inc. v. Acad. O & P Assoc.*, 321 F.R.D. 278, 294 (E.D.N.Y. 2015) (citing *Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir. 2002)). "After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)

3

(citations and internal quotation marks omitted).

The Court is mindful that Treasure is proceeding *pro se*. As such, his complaint is held to a less exacting standard than a complaint drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). Because *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads Treasure's complaint to "raise the strongest arguments that [it] suggest[s]." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citations omitted). Nonetheless, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995).

## DISCUSSION

### I. Work-Related Injuries

The exclusive remedy against the United States for federal inmates who sustain work-related injuries while they are incarcerated is governed by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, which provides "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." *See also* 28 C.F.R. § 301.319 (citing *United States v. Demko*, 385 U.S. 149 (1966) ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Torts Claims Act."); *Giraldo v. United States*, No. 14-CV-5568 (JG) (RML), 2015 WL 4078751, at *1 (E.D.N.Y. July 6, 2015) (describing IACA as "the exclusive remedy for prisoners who sustain work-related injuries while they are in prison"). "Courts in this Circuit have also found that the IACA serves as the exclusive remedy for inmates 'when a work-related injury is further aggravated by negligence or medical malpractice on the part of prison medical personnel.'"

4

*Giraldo*, 2015 WL 4078751, at *1 (quoting *Barrett v. Goldstein*, No. 07-CV-2483 (RJD) (LB), 2009 WL 1873647, at *4 (E.D.N.Y. June 29, 2009)).

A "work-related injury" is "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). The term has been interpreted to include injuries sustained "even if an inmate is on a break from work or traveling to or from a break when the injury occurs." *Giraldo*, 2015 WL 4078751, at *l. *Compare id.* (injury was "work-related" when it occurred "while Giraldo was sitting down to eat lunch at the scheduled time for inmate orderlies") (collecting similar cases), *with Codianni-Robles v. United States*, No. 04-CV-1725 (JCH), 2005 WL 2098837, at *1 (D. Conn. Aug. 29, 2005) (injuries not "work-related" when sustained while "walking en route to a social gathering" and inmate was planning to discuss a work-related matter there).

Here, it is undisputed that two of the injuries alleged by Treasure are "work-related." First is the slip-and-fall incident, resulting in injuries to his head, neck, and wrist, which occurred while Treasure was "working in the kitchen performing the aforementioned [food service work detail] duties." (Am. Compl. ¶ 5.) Second is the fungal infection he contracted "on his right leg and in his toe from working in standing water." (*Id.* ¶ 33.) Because these are admittedly work-related injuries, and because the IACA provides the exclusive remedy for these claims, including any aggravation of these injuries resulting from medical malpractice by prison officials, Treasure is barred from recovery under the FTCA. Thus, these claims must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

II.     **Other Injuries**

Based on the circumstances alleged, the Court assumes for the purposes of this motion that Treasure's remaining claims regarding his enlarged testicle and the fungal infection on his

5

neck are not work-related. (*Id.* ¶¶ 46–47.) Therefore, the IACA does not bar Treasure from recovery under the FTCA for these injuries. However, the Court lacks subject matter jurisdiction over these claims because Treasure has not exhausted his administrative remedies.

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Specifically, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).[3] "For federal inmates, the presentment requirement of the FTCA is accomplished by filing a Form SF-95 with the BOP Regional Office for the facility where the claim arose." *Gay v. Terrell*, No. 12-CV-2925 (CBA) (VMS), 2013 WL 5437045, at *26 (E.D.N.Y. Sept. 27, 2013). "The burden is on the Plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements." *Vailette v. Lindsay*, No. 11-CV-3610 (NGG) (RLM), 2014 WL 4101513, at *5 (E.D.N.Y. Aug. 18, 2014) (quoting *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) (alteration in *Vailette*) (citations omitted)).

Treasure's amended complaint does not mention any steps taken to exhaust administrative remedies as to either of his non-work-related claims.[4] He states in his opposition

---

[3] In the event the agency does not respond, "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

[4] Although Treasure provides voluminous exhibits demonstrating his efforts to pursue administrative remedies through the "BP" series of forms in relation to his slip-and-fall injuries, the complaint and exhibits are silent as to his other injuries.

brief that he "beg[a]n to exhaust his administrative remedies for these incidents . . . by filing a BP-8 form," to which he never received a response. (Pl.'s Mem. at 4.) This is unavailing for two reasons. First, he needs to file form SF-95 rather than form BP-8 to exhaust for purposes of the FTCA. *Warrender v. United States*, No. 09-CV-2697 (KAM) (LB), 2011 WL 703927, at *6 n.3 (E.D.N.Y. Feb. 17, 2011) (citations omitted). Second, a pending administrative claim is not a final denial by the agency and does not satisfy the administrative exhaustion requirement. *Gay*, 2013 WL 5437045, at *3. Indeed, even where exhaustion occurs during the pendency of an FTCA litigation, the suit must still be dismissed because exhaustion must occur *prior* to filing suit. *McNeil*, 508 U.S. at 113. Because Treasure cannot show that, prior to filing this action, he received a final denial after filing an SF-95 form, the Court lacks jurisdiction to hear this claim.[5]

## III.  Motion for Stay

Because Treasure's FTCA claims have been dismissed for lack of subject matter jurisdiction, "the Court has no authority to stay this proceeding[.]" *Pan Tech Mgmt. Corp. v. U.S. Dep't of Hous. & Urban Dev.*, 788 F. Supp. 152, 154 (E.D.N.Y. 1992) (where court lacked jurisdiction over FTCA claim for failure to exhaust administrative remedies). Accordingly, Treasure's motion for a stay is denied as moot.

## CONCLUSION

For the reasons explained above, defendant's motion to dismiss (Doc. No. 31) is granted. Treasure's motion for a stay (Doc. No. 32) is denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal

---

[5] The statute of limitations for the FTCA is subject to equitable tolling. *See United States v. Wong*, 135 S. Ct. 1625, 1633 (2015). If Treasure exhausts his administrative remedies and brings this claim again, he may need to plead facts showing that he is entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015) (citations omitted).

from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order and the accompanying judgment to the *pro se* plaintiff at the address listed on the docket, note the mailing on the docket, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       March 18, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge